927 F.2d 605
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
SUN TAN ACRES, INC., Plaintiff-Appellant,
v.
RESOLUTION TRUST CORPORATION, Defendant-Appellee.
 NO. 90-3374.
 United States Court of Appeals, Sixth Circuit.
 March 4, 1991.
 
 On Appeal from the United States District Court for the Northern District of Ohio, No. 89-00883; Dowd, Jr., J.
 N.D.Ohio
 AFFIRMED.
 Before KENNEDY and ALAN E. NORRIS, Circuit Judges, and JOINER, Senior District Judge.*
 PER CURIAM:
 
 
 1
 Sun Tan Acres, Inc. ("STA") sought reorganization under the Bankruptcy Code in July 1987 and brought an action against Midland Buckeye ("Midland") based on an alleged oral contract. The Bankruptcy Court held that no contract existed between these parties, but found Midland liable based on a theory of promissory estoppel. Midland subsequently went into receivership and was placed under the administration of the Resolution Trust Corporation ("RTC"). STA appealed the decision of the Bankruptcy Court, contending that the court erred in calculating damages. RTC cross-appealed and argued that STA could not recover under state law or, alternatively, that federal common law precluded enforcement of the Bankruptcy Court's judgment. The District Court reversed the judgment of the Bankruptcy Court and held that STA had failed to establish liability based on a theory of promissory estoppel. This appeal ensued.
 
 
 2
 In December 1984, STA borrowed $385,000 from Midland in order to develop a recreational park. Financial difficulties arose. In late 1986, STA defaulted on its loans and attempted unsuccessfully to sell the property.
 
 
 3
 On February 11, 1987, representatives of STA met with officers of Midland to try and resolve STA's financial woes. The events at this meeting are in dispute and give rise to the instant case. According to STA, Midland offered to seek a three-month moratorium on STA's installment payments and to allow STA use of its service corporation, Midland Services, to draw up engineering plans to transform the property into a trailer park if STA would make a payment to bring its loan up to date under the loan agreement. Midland agrees that it offered STA moratorium in exchange for payment by STA to bring the loan current, but denies that it offered any services to assist in converting the property to a trailer park. It is undisputed that STA brought its loan current after this meeting.
 
 
 4
 STA raises four issues on appeal. First, the courts below erred in determining that no contract existed between STA and Midland. Second, the courts below erred in concluding that Midland Services was not a party to this contract. The final two issues amount to a contention that the courts below misconstrued the nature of the alleged agreement, that is, the payment of arrearages was really a condition precedent which created a valid contract upon fulfillment of such act.
 
 
 5
 What the parties believed to be the nature of the agreement between them is a question of fact for the trial court. For STA to succeed, it must convince us that the Bankruptcy Court clearly erred in its factual findings. The Bankruptcy Court concluded:
 
 
 6
 Based on the testimony as a whole, the Court is persuaded that MIDLAND BUCKEYE, through its agent Robert Sticker, offered to (1) seek a three-month moratorium on payments to the Debtor; and (2) provide the Debtor with engineering services for the development of a trailer park. In exchange the Debtor would be required to bring the loan payments current as of February, 1987. However, it also appears that the meeting concluded without a formal acceptance of this offer.
 
 
 7
 Joint App. at 35. In support of its position that a contract existed, STA directs us to a portion of the Bankruptcy Court's opinion which states that the officers of Midland should have expected representatives to act in reliance on Midland's promise. We are not persuaded that this statement proves that a contract existed between these parties as a result of the February 11th meeting. STA quotes from that portion of the opinion analyzing whether the acts of the parties give rise to a claim of promissory estoppel. If the Bankruptcy Court had found a contract to exist, promissory estoppel analysis would not be necessary. Thus, we reject STA's argument on the first issue and find that the Bankruptcy Court did not commit clear error when it concluded that no contract came into existence based on the February 11th meeting. We need not consider the second issue because its viability is contingent upon a favorable determination of the first issue--that the Bankruptcy Court erred in determining that no offer and acceptance occurred during the course of the February 11th meeting.
 
 
 8
 STA also contends that the facts surrounding the February 11th meeting show that the parties contemplated the creation of an agreement based upon fulfillment by STA of a condition precedent. The alleged condition precedent was payment to Midland of the arrearages on its loan. The Bankruptcy Court, however, concluded that no contract was created based on the February 11th meeting or subsequent events. This finding is not clearly erroneous and forecloses STA from arguing that the subsequent acts of the parties led to the creation of a contract.
 
 
 9
 RTC asserts that the District Court's opinion can be affirmed based on federal common law, but we need not address the merits of this issue because of our disposition of the issues raised by STA.
 
 
 10
 For the foregoing reasons, we AFFIRM the decision of the District Court.
 
 
 
 *
 The Honorable Charles W. Joiner, Senior Judge, United States District Court for the Eastern District of Michigan, sitting by designation